WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Foor,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>City of Phoenix, et al.,<br><br>　　　　　　　　Defendants. | No. CV-16-01895-PHX-GMS<br><br>**ORDER** |

Before the Court are Plaintiff Jennifer Foor's request for a temporary restraining order ("TRO"), motion and request for return of property, motion to stay the order of a Phoenix City judge, and application to proceed *in forma pauperis* ("IFP").  (Doc. 2–5.) For the following reasons, the Court grants Plaintiff's request to proceed IFP, but denies her other motions and dismisses her Complaint without prejudice.

## BACKGROUND

On or about December 4, 2012, Defendant Arizona Humane Society ("AHS") entered Plaintiff's property and seized approximately forty of Plaintiff's feral cats. (Compl. ¶ 12.)  On or about December 7, 2012, the Phoenix Municipal Court ruled during Plaintiff's post-seizure hearing that the seizure of Plaintiff's cats was lawful. (Compl. ¶ 15.)  After receiving a "Notice of Right to Appeal," Plaintiff filed a special action on December 24, 2012 in the Maricopa County Superior Court. (Compl. ¶¶ 19–21.)  During the hearing on March 25, 2013, the Superior Court ordered the Municipal Court to clarify its order and ruling.  (Compl. ¶ 25.)  On April 15, 2013, the Municipal

Court clarified that in its previous ruling it had not forfeited Plaintiff's rights to the cats. (Compl. ¶ 27.)  As a result, the Municipal Court held a civil forfeiture hearing on April 29, 2013, and any right Plaintiff had to the cats was forfeited due to sanitation issues. (Compl. ¶ 29.)

On October 29, 2013, the Superior Court denied Plaintiff's motion for special action and ruled that it could not substitute its judgment for the Municipal Court ruling. (Compl. ¶ 36.)  On or about April 2, 2016, the Arizona Court of Appeals Division One affirmed the Superior Court's decision.  (Compl. ¶ 37.)  On April 11, 2016, the Arizona Supreme Court denied review and subsequently denied Plaintiff's motion for reconsideration. (Compl. ¶ 38.)  On May 19, 2016, Plaintiff filed a motion for return of property, a motion to vacate the civil forfeiture, and a motion to reconsider the civil forfeiture in the Municipal Court.  (Compl. ¶ 41.)  The Municipal Court denied Plaintiff's motion for return of property for lack of jurisdiction.  (Compl. ¶ 42.)

On February 7, 2013, the City of Phoenix Prosecutor's Office filed an animal cruelty complaint against Plaintiff.  (Compl. ¶ 24.)  However, on or around August 6, 2013, the criminal complaint was dismissed.  (Compl. ¶ 31.)  Upon dismissal, Plaintiff requested the return of her cats, but the City of Phoenix denied her request explaining that she needed to appeal her civil forfeiture.  (Compl. ¶ 33.)

On May 26, 2016, Plaintiff filed a complaint, a request for temporary restraining order, and a motion to stay within this District.  (Doc. 8.)  On May 27, 2016, the complaint was dismissed for lack of jurisdiction.  *Id.*

Plaintiff filed the instant complaint and motion on June 13, 2016, which seeks another TRO prohibiting the City of Phoenix and the AHS from disposing of her cats. Plaintiff's Complaint, moreover, has been recast to raise federal questions and now alleges violations of her First, Fourth, Fifth, and Eighth Amendment rights pursuant to 42 U.S.C. § 1983, as well as claims of malicious prosecution, intentional infliction of severe emotional distress, negligent infliction of severe emotional distress, criminal trespass, and intentional damage to private property.

**DISCUSSION**

**I.     Plaintiff's TRO**

Plaintiff's TRO consists of a single sentence asking this Court to enjoin the City of Phoenix and the AHS from disposing of her cats. Plaintiff, however, fails to make any argument or provide any basis on which this Court may act in accordance with her request. Plaintiff no longer has any rights to the cats due to the final judgment of the state court system forfeiting any interest she has to them. Plaintiff's Complaint alleges various federal and state law violations, none of which weigh on the AHS's authority (or lack thereof) to hold the cats to which Plaintiff may have had some rights. *See Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) ("A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'") (citation omitted). Plaintiff fails to make any showing; her request for a TRO is denied.

**II.    *In Forma Pauperis***

Congress has provided that with respect to IFP cases a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of § 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all *in forma pauperis* proceedings not just those filed by prisoners. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim" or that is frivolous or malicious. *Id.* "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

/ / /

The Court grants Plaintiff's request for IFP and also dismisses the case for "failure to state a claim." § 1915(e)(2). To survive dismissal for failure to state a claim, a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).

The Rooker-Feldman doctrine "bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment . . . based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (citing *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (internal quotation marks omitted)).

Here, Plaintiff's claims for relief arising from the Superior Court case amounts to a de-facto appeal of the state court's decision. *See Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) (finding that the Rooker-Feldman doctrine also bars any ancillary claims that are "inextricably intertwined" with the state court's judgment). This Court could not grant Plaintiff's requested remedy without reviewing the Municipal Court and Superior Court's decision regarding the forfeiture of Plaintiff's cats that has already been reviewed by the state Court of Appeals with review denied by the Arizona Supreme Court. Consequently, this Court lacks jurisdiction over such a review, and thus, Plaintiff's claims are precluded by the Rooker-Feldman doctrine.

Further, "[t]o state a claim for relief in an action brought under § 1983, [plaintiffs] must [allege] that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). "Section 1983 'is not

itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Here, Plaintiff alleges violations of her First, Fourth, Fifth, and Eighth Amendment rights. (Compl. ¶¶ 51, 62, 68.)

Since § 1983 does not contain a limitations period, federal courts look to the applicable state statute of limitations for determining whether a complaint brought under § 1983 is timely. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). For purposes of identifying the applicable statute of limitations, § 1983 actions are characterized as personal injury actions. *Id.* Under Arizona law, the statute of limitations for personal injury claims is two years. Ariz. Rev. Stat. Ann. § 12-542 (1985). However, federal law determines when a civil rights claim accrues. *Morales v. City of L.A.*, 214 F.3d 1151, 1154 (9th Cir. 2000). Under federal law, the time limit on a cause of action begins to run when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Trotter v. Int'l Longshoremen's & Warehousemen's Union Local 13*, 704 F.2d 1141, 1143 (9th Cir. 1983).

In this case, Plaintiff's § 1983 claims arise out of the December 4, 2012 seizure of her cats. Plaintiff's December 7, 2012 appearance before the Municipal Court demonstrates her knowledge of the seizure of her cats. Therefore, Plaintiff's § 1983 claims are time-barred because she filed her complaint on June 13, 2016, more than three and a half years after the seizure of her cats. While the Complaint alleges "ongoing and continuous disputes between Plaintiff and Defendants" over the release of Plaintiff's cat, "the facts do not give rise to the conclusion that Plaintiffs suffered the kind of injury for which the statute of limitations may be tolled," *Ybarra-Johnson v. Ariz.*, 2014 U.S. Dist. LEXIS 159725, at *11 (D. Ariz. Nov. 12, 2014) (Snow, J.). Further, it is not clear that such disputes have implicated Plaintiff's federal rights in any way. The facts within Plaintiff's Complaint allege, among other things, that since the initial removal of Plaintiff's cats from her property, Defendants have violated her substantive and

procedural due process rights, suppressed documents, and caused Plaintiff severe emotional distress. (Compl. ¶¶ 47, 58–100.) Regardless, "the 'continuing violations' doctrine was not designed to extend the statute of limitations in cases involving discrete unlawful acts or continuing ill effects from an injury occurring outside the limitations period." *Ybarra-Johnson*, 2014 U.S. Dist. LEXIS 159725, at *12 (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *Knox v. Davis*, 260 F.3d 1009, 1014–15 (9th Cir. 2001)). As a result, even when Plaintiff's allegations are construed liberally in light of our notice pleading system, the "continuing violation" exception does not apply. Plaintiff had reason to know of her injuries on the date that the cats were removed from her property. Plaintiff's allegations regarding Defendants' wrongful acts that occurred after the initial seizure of her cats are, at most, "discrete, injury-producing acts of which the Plaintiff should have been aware when they occurred—not a continuing violation." *Id.* Therefore, Plaintiff's § 1983 claims are time-barred.

Since Plaintiff's rights to the cats were forfeited in an appropriate state judicial proceeding, and because there is no jurisdictional granting claim, Plaintiff does not have standing to pursue the malicious prosecution, intentional infliction of severe emotional distress, negligent infliction of severe emotional distress, criminal trespass, and intentional damage to private property claims in federal court. *See* 28 U.S.C. § 1367.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's request for TRO and dismisses Plaintiff's Complaint pursuant to § 1915(e)(2).

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's motion for temporary restraining order (Doc. 2) is **DENIED.**

2. Plaintiff's application for leave to proceed *in forma pauperis* (Doc. 3) is **GRANTED**.

3. Plaintiff's motion and request for return of property (Doc. 4) is **DENIED.**

4. Plaintiff's motion to stay (Doc. 5) is **DENIED.**

5. Plaintiff's motion to e-file (Doc. 6) is **DENIED.**

1  6. The Clerk of Court is directed to dismiss this action without prejudice.

2  Dated this 21st day of July, 2016.

_____
Honorable G. Murray Snow
United States District Judge

- 7 -